UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BYLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MASTEC SERVICES COMPANY et al.,<br><br>　　　　Defendants. | Case No. 5:25-cv-00181-SB-DTB<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 53] |

　　　In April 2025, the Court granted Defendants' motion to compel arbitration of Plaintiff Scott Byler's individual wage-and-hour claims and dismissed the class claims pursuant to the class-action waiver in their agreement.[1]  After the arbitrator later declared the agreement unenforceable, Plaintiff moved to remand, arguing that—following the dismissal of the class claims—there is no jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).  In opposition, Defendants argue that jurisdiction exists solely under § 1332(a), the individual diversity provision.

　　　At oral argument, Defendants affirmed that they are relying exclusively on § 1332(a) for jurisdiction.  As Defendants have disclaimed reliance on CAFA, the Court does not address whether jurisdiction lies under § 1332(d) despite dismissal of the class claims.  *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("In our adversarial system of adjudication, we follow the principle of party

---

[1] Although Plaintiff opposed the motion to compel arbitration and challenged the delegation clause, he did not dispute that the enforceability of the class-action waiver was reserved for judicial determination, nor did he challenge the severability clause.

1

presentation."). Instead, the Court decides only whether the amount in controversy for Plaintiff's individual claims exceeds $75,000.

Citing *Rosenwald*, Defendants conceded at oral argument that they could not have plausibly alleged at the time of removal that the amount in controversy for Plaintiff's individual claims exceeded $75,000. *See Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1177, 1179 (9th Cir. 2025) (explaining that, without CAFA, a court may not aggregate putative class members' damages to satisfy the amount-in-controversy requirement). This concession is dispositive because the amount in controversy is determined *at the time of removal*. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant."). At the time of removal, Defendants alleged approximately $6,500 in actual damages and $1,625 in attorney's fees per plaintiff based on a putative class size of 1,256 individuals[2]—an amount that falls short of the jurisdictional threshold. *See* Dkt. No. 1 ¶ 65. Attorney's fees actually incurred after removal, and unanticipated at the time of removal, are irrelevant to the jurisdictional inquiry. *See Chavez*, 888 F.3d at 417.

The motion to remand the case to the Riverside Superior Court is therefore GRANTED.

Date: December 29, 2025

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge

---

[2] Defendants now contend that Plaintiff's individual damages are $19,358. Dkt. No. 54 at 9. Even crediting this calculation, they fail to show that the amount in controversy is satisfied.